UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

WILLIAM ORVILLE CRAGG,           Case No. 15-21741-dob
                                                        Chapter 13 Proceeding
                 Debtors.                            Hon. Daniel S. Opperman

_____/


## OPINION DENYING MOTION FILED BY CREDITOR MICHIGAN INDUSTRIAL CONSTRUCTION TO VACATE/SET ASIDE DEBTOR'S CHAPTER 13 PLAN

Facts

Michigan Industrial Construction Corporation ("Michigan Industrial"), a judgment creditor of Debtor William Orville Cragg, files this Motion to Vacate Debtor's Chapter 13 Plan. Debtor's Chapter 13 Plan was confirmed in an Order Confirming Plan entered on December 4, 2015. Michigan Industrial argues that the Order Confirming Plan should be set aside and that Debtor's Chapter 13 Plan be vacated, and that Debtor be required to file a new plan. Michigan Industrial timely objected to Debtor's Chapter 13 Plan on October 1, 2015, asserting that Debtor did not satisfy the best interests of creditors test, was not funding the plan through his best efforts because he did not include all of his disposable income, and that his Schedules were not prepared in good faith.

At the December 3, 2015, hearing on confirmation of Debtor's Chapter 13 Plan, the Court confirmed Debtor's Chapter 13 Plan, noting Michigan Industrial's Objection and opening discovery as to the issues raised in that Objection. The Court, the Chapter 13 Trustee, and counsel for Debtor and counsel for Michigan Industrial all agreed that the Chapter 13 Plan should be confirmed that day, and that discovery should be allowed regarding the objection of Michigan Industrial, and if

discovery revealed a basis to propose a post-confirmation Chapter 13 plan modification, Michigan Industrial would be free to file such a modification. On December 4, 2016, in addition to the Order Confirming Plan, the Court entered an Order Establishing a Discovery Deadline as to Michigan Industrial's Objection, setting February 4, 2016, as the deadline. Telephonic status hearings were thereafter held on the status of ongoing discovery on February 29, 2016, March 28, 2016, May 9, 2016. Corresponding Orders continuing discovery and imposing deadlines to produce documents, namely Debtor's 2015 federal and state tax returns. The last telephonic status conference was held on June 24, 2016. Michigan Industrial thereafter filed the instant Motion to Vacate/Set Aside on August 4, 2016.

In the instant Motion to Vacate/Set Aside, Michigan Industrial argues it is the only creditor affected by Debtor's alleged false statements of financial condition, including the value of his business and the nature of his personal income from the business. Michigan Industrial asserts that discovery during the post-confirmation period has revealed that Debtor's income and draws from his solely owned corporation as well as its value do not reconcile with Debtor's 2015 tax returns and other documents provided to the Internal Revenue Service, as well as Debtor's sworn statements in support of his plan, which include his bankruptcy Schedules and his testimony at his Section 341 First Meeting of Creditors. This, Michigan Industrial argues, means that confirmation of Debtor's Chapter 13 plan was procured through fraud, necessitating that the Court set aside the December 4, 2015, Order Confirming Plan, and require Debtor to file a revised proposed Chapter 13 Plan, which conforms to post-confirmation discovery. Alternatively, Michigan Industrial requests that the Court dismiss Debtor's Chapter 13 case.

Debtor responds to the instant Motion, asserting that setting aside the Order Confirming Plan is only possible pursuant to 11 U.S.C. § 1330(a), which allows for revocation of an order confirming

plan upon a showing that confirmation was procured by fraud. Because the instant motion was filed beyond the 180-day deadline required by Section 1330(a), Debtor argues the instant Motion is untimely and even if timely is procedurally defective because an adversary proceeding is required to commence such an action.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L) (confirmation of plans).

## Statement of Authorities

### General Binding Effect of Orders Confirming Chapter 13 Plans

An order confirming a Chapter 13 plan is binding even though contrary to the Code if a creditor received adequate notice that satisfies the Due Process Clause. *United Student Aid Funds, Inc., v. Espinosa*, 559 U.S. 260, 272 (2010). "*Espinosa* stands for the more limited proposition that a confirmed plan is binding on all parties-in-interest, provided the plan proponent afforded such parties adequate notice, consistent with the Due Process Clause of the United States Constitution—even if the plan violates the Bankruptcy Code in some particulars." *In re Deavila*, 431 B.R. 178, 179 (Bankr. W.D. Mich. 2010). The Supreme Court in *Espinosa* noted that "[d]ue process requires notice 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections,'" and does not require "actual notice." *Espinosa*, 559 U.S. at 272 (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

Revocation of Confirmation of a Chapter 13 Plan Under 11 U.S.C. § 1330(a)

Section 1330(a) states:

On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud.

Revocation of a Chapter 13 order confirming plan requires that such request be made within 180 days of the order confirming plan and that party in interest show that confirmation was "procured by fraud." Federal Rule of Bankruptcy Procedure 7001(5) requires that an adversary proceeding be commenced for "a proceeding to revoke an order of confirmation of a chapter 11, chapter 12, or chapter 13 plan."

While the requirement that a Section 1330(a) action be brought by way of an adversary proceeding is procedural, and can be corrected, the 180-day requirement for filing a revocation of discharge action is a clear mandate. While some argue that creditors may not circumvent the specific statutory remedy provision under Section 1330(a), by alternatively seeking relief under Federal Rule of Bankruptcy Procedure 9024, and incorporating Federal Rule of Civil Procedure 60, to set the order confirming plan aside, the Supreme Court in *Espinosa* suggested otherwise in dicta in a footnote:

> Subject to certain exceptions, Bankruptcy Rule 9024 makes Rule 60(b)(4) applicable to Chapter 13 proceedings. One such exception provides that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by" 11 U.S.C. § 1330. Fed. Rule Bkrtcy. Proc. 9024. Section 1330(a) imposes a 180-day time limit for a party to seek revocation of a confirmation order "procured by fraud." Courts of Appeals disagree as to whether a Rule 60(b)(4) motion should be treated as a "complaint to revoke" a plan subject to § 1330's time limit and substantive limitation to motions based on fraud. We need not settle that question, however, because the parties did not raise it in the courts below. And even under a theory that would treat United's Rule 60(b)(4) motion as a "complaint to revoke" the plan, United's failure to file its motion within § 1330(a)'s 180-day deadline and its failure to seek relief on the basis of fraud did not deprive those courts–and does not deprive us–of authority to consider the

motion on the merits because those limitations are not jurisdictional.
*Espinosa*, 559 U.S. at 279 n.9 (citations omitted).

Relief from a Judgment or Order Under Rule 60(b)(2) and (b)(3)

Federal Rule of Civil Procedure 60 is incorporated by Federal Rule of Bankruptcy Procedure 9024. Rule 60(b)(2) allows for relief based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc. v. American International Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

> In order to prevail on a Rule 60(b)(2) motion, a movant must demonstrate (1) that it exercised due diligence in obtaining the information and (2) [that] the evidence is material and controlling and clearly would have produced a different result if presented before the original judgment. In other words, the evidence cannot be merely impeaching or cumulative.

*Good v. Ohio Edison Co.,* 149 F.3d 413, 423 (6th Cir. 1998) (internal quotation marks and citations omitted).

Rule 60(b)(3) allows for relief based on "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." The Sixth Circuit Court of Appeals has given the following general meaning to the term "fraud" for purposes of Rule 60(b)(3): "Fraud is the knowing misrepresentation of a material fact, or concealment of the same when there is a duty to disclose, done to induce another to act to his or her detriment." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 456 (6th Cir. 2008) (holding that the

-5-

moving party must show that the adverse party's conduct was fraudulent under this "general common law understanding," rather than analyzing under all state law required elements for fraud).

Section 105(a)

The Court is given power pursuant to 11 U.S.C. § 105(a) to:

> . . . . issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

As noted by the Sixth Circuit Court of Appeals in the case of *Miller v. Pennsylvania Higher Educ. Assistance Agency (In re Miller)*, 377 F.3d 616, 621 (6th Cir. 2004), Section 105 powers are not unfettered, but must be consistent with, and in furtherance of the goals of, the Bankruptcy Code. *Id*. at 621 (quoting the United States Supreme Court case *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206, 108 S. Ct. 963, 99 L.Ed.2d 169 (1988), which cautions that, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code."

Analysis and Conclusion

The validity of an order confirming a Chapter 13 plan is dependent upon adequate notice to those affected by the plan. In this case Michigan Industrial agrees it received adequate notice, but it argues that the plan presented by Debtor was procured through fraud. Putting aside the fact that the instant Motion is procedurally defective because commencement of an adversary

-6-

proceeding is required, Michigan Industrial filed the instant Motion late. The Motion was filed on August 4, 2016, which is 244 days after the December 4, 2015, Order Confirming Plan. Thus, relief under Section 1330(a) is not available to Michigan Industrial.

The Court further concludes that Michigan Industrial ignores the agreement of its counsel, the Chapter 13 Trustee, and Debtor's counsel that discovery would be open post-confirmation for the sole purpose of allowing Michigan Industrial to file a post-confirmation plan modification pursuant to 11 U.S.C. § 1329, if warranted. The Transcript of the December 3, 2015, Confirmation Hearing, states as follows:

> THE COURT: Mr. Overdier, how do you feel about that in terms of confirming the plan today, but with the understanding that you can have as much discovery as you want for the 60 days, you have some time to think about it, then we can have an evidentiary hearing so you can show me that one, this under valued property should be more; two, there's more money to be paid to the trustee, it all goes to the benefit of your – your client.
>
> MR. OVERDIER: I – I see no prejudice to my client in proceeding in that fashion, Your Honor. In mean obviously they're going to start making small payments to all creditors according to the Plan.
>
> * * * *
>
> THE COURT: . . . . And if that's the case, Mr. Overdier could also amend the plan because it's a post-confirmation modification that the creditor can do. And I see that then Mr. Wirgau gets everything he wants which is a confirmed plan. Mr. Overdier gets everything he wants plus a little money coming in to his client in the meantime. And you got a plan that you could administer until further order of the Court which would be a modified plan.
>
> * * * *
>
> I'm not going to say over objection because I haven't ruled on the objection yet, but I'm going to confirm this Chapter 13 plan today. I'll allow Mr. Overdier 60 days – actually I'm going to give you 63 days because it's got to be divisible by seven, 63 days to complete discovery.

(Tr. December 3, 2015, Confirmation Hearing, at 6-8).

-7-

In addition to the clear directive of this Court and agreement of the Chapter 13 Trustee an and counsel for both Michigan Industrial and Debtor at the confirmation hearing, allowing Michigan Industrial to file a post-confirmation plan modification will accomplish its asserted goal of offering proofs concerning Debtor's income and assets, which may very well warrant modification of Debtor's confirmed Chapter 13 Plan pursuant to 11 U.S.C. § 1329.

Pursuant to *Espinosa*, Michigan Industrial is not precluded from seeking relief from the Order Confirming Plan under Rule 60(b). However, Michigan Industrial did not cite Rule 60(b) as an alternative basis for relief from the Order Confirming Plan. Rule 60(b)(2), providing for newly discovered evidence, is not applicable because Michigan Industrial specifically relied upon its argument and agreement that evidence to be discovered would reveal that a post-confirmation plan modification was appropriate, not that relief from the Order Confirming Plan was appropriate. Further, under Rule 60(b)(3), Michigan Industrial cannot argue fraud at this juncture, when it explicitly agreed to the remedy of filing a post-confirmation plan modification, if subsequent discovery warranted such.

Finally, the Court concludes that Section 105(a) does not provide relief for Michigan Industrial. Equity supports conformance to, and implementation of, the agreement of the parties underlying the Order Confirming Plan. Further, there is relief available to Michigan Industrial pursuant to Section 1329, as discussed above.

For these reasons, the Court concludes that there is no authority to set aside the December 4, 2015, Order Confirming Plan pursuant to Section 1330(a). The Court further concludes that there is no basis to vacate the Order Confirming Plan pursuant to Section 105(a). The Court directs Debtor, as the prevailing party, to prepare and present an appropriate order.

**Not for Publication**

**Signed on October 07, 2016**

                                         **/s/ Daniel S. Opperman**
                                       **Daniel S. Opperman**
                                       **United States Bankruptcy Judge**